UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NOBLE SHAHEED ALLAH EL and
VERNA ALLAH EL,

      Plaintiffs,

v.                        Case No.  8:11-cv-2192-T-33TGW

AVESTA HOMES, ET AL.,

      Defendants.

_____/

## ORDER

This cause is before the Court pursuant to Plaintiffs' Objection and Request to Strike (Doc. # 16), filed on November 15, 2011. Also before this Court is Defendants' Motion to Strike Demand for Trial by Jury (Doc. # 18), filed on November 21, 2011.[1] For the reasons that follow, the Court denies Plaintiffs' Motion to Strike and grants Defendants' Motion to Strike.

## I.   Background

Pro se Plaintiffs Nobel Shaheed Allah El and Verna Allah El filed suit on September 27, 2011, alleging breach of contract (Count I), housing discrimination (Count II), "making threats and threatening letters with the attempt to extort and scheme to defraud" (Count III) and denial of adequate housing

---

[1] Neither party filed a response opposing the respective motions.

(Count IV). On October 11, 2011, Plaintiffs filed a "Proof of Service" quoting Federal Rules of Civil Procedure 4(h) and 4(e) and stating simply that Defendants were served via Certified Mail on September 29, 2011. (Doc. # 5). Nonetheless, Defendants duly responded to the Complaint by filing a Motion to Dismiss (Doc. # 7) on October 21, 2011. Plaintiffs filed a Response in Opposition on October 31, 2011 (Doc. # 10), and Defendants filed a Reply with leave of Court on November 10, 2011 (Doc. # 15). The Court will address the merits of the Motion to Dismiss by separate order.

Plaintiffs' Motion to Strike states that "defendants motion to Plaintiffs respond" [sic] is "not allowed" because Defendants already answered the Complaint. (Doc. # 16). The Court construes this to mean that Plaintiffs seek to strike Defendants' Reply.

Plaintiffs filed a "notice of the right to jury trial" (Doc. # 17) on November 15, 2011, quoting Federal Rule of Civil Procedure 38(b). Defendants seek to strike the Demand for Jury Trial for failure to comply with Rule 38(b) and Local Rule 3.01. (Doc. # 18).

## II.  Legal Standard

Federal Rule of Civil Procedure 12(f) provides that upon motion by a party or upon the court's initiative, "the court

may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Plaintiffs' Motion may be denied because it seeks to strike Defendants' Reply, which is not a "pleading" as defined by Rule 7(a). Given that Plaintiffs appear to misconstrue the Reply as a pleading, however, the Court will address the merits of their Motion to Strike below. Defendants do not bring their Motion to Strike under Rule 12(f).

## III. Analysis

Plaintiffs seek to strike Defendants' Reply to Plaintiffs' Response to the Motion to Dismiss as "not allowed" under Federal Rule of Civil Procedure 7. (Doc. # 16 at 1). Plaintiffs argue that Defendants answered the Complaint on October 21, 2011, and "Defendants are attempting to raise other defense after the fact." (Id. at 1-2). Plaintiffs ask this Court to take judicial notice of several cases regarding malicious abuse of process and redundancy, and note that "defendants have failed to answer the complaint on the facts of this case." (Id. at 2).

Despite quoting Rule 7, Plaintiffs appear to misunderstand the distinction between an answer and a motion to dismiss. Defendants have not filed an answer in this case.

3

On October 21, 2011, Defendants properly and timely filed a Motion to Dismiss (Doc. # 7). Plaintiffs duly responded (Doc. # 10) and Defendants filed a Reply with leave of Court (Doc. # 15). The Court finds nothing improper about these filings and therefore denies Plaintiffs' Motion to Strike.

Defendants seek to strike Plaintiffs' Demand for Jury Trial because Plaintiffs failed to file it within the time period provided by Rule 38(b), to properly serve it upon Defendants, and to confer with Defendants as required by Local Rule 3.01. (Doc. # 18). Rule 38(b) provides that a written demand for jury trial must be served on the other parties "no later than 14 days after the last pleading directed to the issue is served." Fed. R. Civ. P. 38(b). In this case, the last pleading directed to the issue is the Complaint, filed on September 27, 2011. Thus, a demand for jury trial was due to be served no later than October 11, 2011.

Plaintiffs appear to be familiar with and have access to the Federal Rules of Civil Procedure. Furthermore, "once a pro se IFP litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989). Because Plaintiffs' Demand for Jury Trial did not meet

the requirements of Rule 38(b), the Court grants Defendants'
Motion to Strike.

Accordingly, it is

**ORDERED, ADJUDGED, and DECREED:**

(1)  Plaintiffs' Motion to Strike (Doc. # 16) is **DENIED.**

(2)  Defendants' Motion to Strike (Doc. # 18) is **GRANTED.**
Plaintiffs' Demand for Jury Trial (Doc. # 17) is
**STRICKEN**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this
30th day of January, 2012.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Parties and Counsel of Record

5