UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NOBLE SHAHEED ALLAH EL and
VERNA ALLAH EL,

    Plaintiffs,
v.                          Case No. 8:11-cv-2192-T-33TGW

AVESTA HOMES, ET AL.,

    Defendants.
_____/

**ORDER**

This matter is before the Court pursuant to Defendants' Motion to Dismiss (Doc. # 7), filed on October 21, 2011. Plaintiffs filed their "Objection to Defendant's Motion to Dismiss" (Doc. # 10) on October 31, 2011, and Defendants filed a Reply (Doc. # 15) with leave of Court on November 10, 2011. For the reasons that follow, the Court denies the Motion.

I. **Background and Procedural History**

Pro se Plaintiffs Nobel Shaheed Allah El and Verna Allah El filed suit on September 27, 2011, alleging breach of contract (Count I), housing discrimination (Count II), "making threats and threatening letters with the attempt to extort and scheme to defraud" (Count III), and denial of adequate housing (Count IV). Plaintiffs simultaneously filed an Affidavit of Indigency, seeking to proceed in forma pauperis. (Doc. # 2). United States Magistrate Judge Thomas G. Wilson denied the

motion to proceed in forma pauperis on September 28, 2011, because the Affidavit of Indigency did not provide financial information regarding Verna Allah El and because Noble Shaheed Allah El's circumstances failed to show that he was unable to pay the Court's filing fee. (Doc. # 4).

Plaintiffs filed a new Affidavit of Indigency on October 31, 2011, which the Court construed as both a motion for reconsideration of Judge Wilson's order (Doc. # 8) and a renewed motion to proceed in forma pauperis (Doc. # 9). Defendants filed a response in opposition to the motion for reconsideration on November 7, 2011. (Doc. # 11). Judge Wilson granted the motions, permitting Plaintiffs to proceed in forma pauperis in this matter. (Doc. # 13).

On October 11, 2011, Plaintiffs filed a "Proof of Service" quoting Federal Rules of Civil Procedure 4(h) and 4(e) and stating simply that Defendants were served via Certified Mail on September 29, 2011. (Doc. # 5). Nonetheless, Defendants duly responded to the Complaint by filing the Motion to Dismiss now before this Court.

Defendants sued Plaintiffs for eviction in the County Court of Hillsborough County, Florida, on September 9, 2011. (Doc. # 15 at 4). A final judgment of eviction was ordered by the county court against the Plaintiffs on October 19, 2011,

2

and a writ of possession issued against the Plaintiffs on October 25, 2011. (Id.).

## II. **Legal Standard**

Defendants move to dismiss pursuant to 28 U.S.C. § 1915, which governs proceedings in forma pauperis. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). "Federal Rule of Civil Procedure 12(b)(6) standards govern [a court's] review of dismissals under section 1915(e)(2)(B)(ii)." Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997).

On a Rule 12(b)(6) motion to dismiss, this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990) ("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true.").

However, the Supreme Court explains that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). Courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

On a motion to dismiss, the Court limits its consideration to the pleadings and exhibits attached thereto. GSW, Inc. v. Long Cnty., Ga., 999 F.2d 1508, 1510 (11th Cir. 1993). When a document outside the pleadings is considered, Federal Rule of Civil Procedure 12(c) requires that "the motion be treated as a motion for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all materials made pertinent by such a motion." Fed. R. Civ. P. 12(c). "Rule 7(a) defines 'pleadings' to include both the complaint and the answer, and Rule 10(c) provides that '[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes.'" Horsley v. Feldt, 304 F.3d 1125, 1134

(11th Cir. 2002) (quoting Fed. R. Civ. P. 7(a) and 10(c)). Thus, this Court may consider the various exhibits attached to the Complaint without converting the Motion to Dismiss into one for summary judgment.

Furthermore, "the Eleventh Circuit has held that when considering a Rule 12(b)(6) motion to dismiss, a court may take judicial notice of the public record, without converting the motion to dismiss to a motion for summary judgment." <u>Martin K. Eby Const. Co., Inc. v. Jacobs Civil, Inc.</u>, No. 3:05-cv-394-J-32TEM, 2006 WL 1881359, at *1 (M.D. Fla. July 6, 2006). This is because such documents are capable of accurate and ready determination. <u>Id.</u> (citing <u>Makro Capital of Am., Inc. v. UBS AG</u>, 372 F. Supp. 2d 623, 627 (S.D. Fla. 2005)). Thus, the Court may review documents filed in other judicial proceedings for the limited purpose of recognizing the "judicial act" taken or the subject matter of the litigation and issues decided, without converting the motion to dismiss to a motion for summary judgment. <u>Id.</u> (citing <u>Young v. City of Augusta, Ga.</u>, 59 F.3d 1160, 1166 n.11 (11th Cir. 1995)). As discussed more fully below, this Court will consider certain exhibits attached to Defendants' Reply insofar as they represent documents filed in other judicial proceedings.

**III. <u>Analysis</u>**

Defendants move to dismiss pursuant to 28 U.S.C. § 1915(e)(2)(A) because Plaintiffs' allegations of poverty were untrue. (Doc. # 7 at 3). At the time Defendants filed their Motion, Plaintiffs' first motion to proceed in forma pauperis had been denied. Judge Wilson later granted Plaintiffs' renewed motion, permitting Plaintiffs to proceed in forma pauperis. (Doc. # 13). Thus, the Court denies the Motion to Dismiss as moot insofar as it asserts grounds under 28 U.S.C. § 1915(e)(2)(A).

Defendants further move to dismiss pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim on which relief may be granted. (Doc. # 7 at 6). Defendants argue that Plaintiffs failed to pay their rent, twice received notices to pay rent or forego possession of the property, and received a notice that their lease would not be renewed. (<u>Id.</u> at 5). "On the face of the Complaint, Plaintiffs illustrate their eviction was due to their nonpayment of rent and their remaining on the premises after their lease had expired and not due to any improper action on behalf of the Defendants." (<u>Id.</u> at 6).

Whatever the Complaint may say about the eviction has little relevance to Plaintiffs' claims. Count I of the

6

Complaint alleges breach of contract–not for eviction but for failure to properly maintain Plaintiffs' apartment. As to Count II, for housing discrimination, Plaintiffs state that they filed a complaint with the U.S. Department of Housing and Urban Development prior to filing this lawsuit. Count III, for "making threats and threatening letters with the attempt to extort and scheme to defraud," refers to disputed rental payments. Count IV, for denial of adequate housing, refers to violations of building health codes.

Defendants simply do not address these claims or explain how the eviction process, even if proper, causes these claims to fail. The Court therefore denies the Motion to Dismiss.

### IV. Arguments First Raised in Defendants' Reply

Defendants raise additional arguments for the first time in their Reply. (Doc. # 15). Defendants assert that Plaintiffs failed to perfect service of process on Defendants as required by Federal Rule of Civil Procedure 4(c). (Id. at 3). Defendants further argue that Plaintiffs' claims should be dismissed based upon the doctrine of res judicata because Defendants received a final judgment of eviction and writ of possession from the Hillsborough County Court. (Id. at 5). Defendants appear to make this latter argument pursuant to Rule 12(b)(6). (Id. at 3).

7

The fundamental problem with these arguments is that Defendants first raised them in their Reply. "District Courts, including this one, ordinarily do not consider arguments raised for the first time on reply." Broughton v. HPA Subway, Inc., No. 11-0036-WS-N, 2011 WL 1321728, at *1 (S.D. Ala. Apr. 5, 2011); see also Herring v. Sec'y, Dep't of Corr., 397 F.3d 1338, 1342 (11th Cir. 2005) ("As we repeatedly have admonished, arguments raised for the first time in a reply brief are not properly before a reviewing court."). Nonetheless, this Court will briefly address these issues.

**A. <u>Failure to Perfect Service</u>**

The Court agrees that Plaintiffs failed to perfect service of process as required by Rule 4(c): Plaintiffs filed a "Proof of Service" stating that Defendants were served via Certified Mail. (Doc. # 5). "The Florida Rules of Civil Procedure provide for service of process by certified mail, but only if the defendant agrees to waive personal service. Florida courts have held that service by certified mail, without an accompanying waiver is not sufficient." Dyer v. Wal-Mart Stores, Inc., 318 Fed. App'x 843, 844 (11th Cir. 2009) (citations omitted). Thus, absent a waiver by the defendant, personal service is required. Id. Plaintiffs in this case did not file a waiver of service with the Court.

However, Plaintiffs have been permitted to proceed in forma pauperis but have not been afforded the court-ordered service of process to which they are entitled. "The officers of the court shall issue and service all process, and perform all duties in such cases." 28 U.S.C. § 1915(d). Furthermore, the court must order service to be made by a United States Marshal or deputy marshal if the plaintiff is authorized to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Fed. R. Civ. P. 4(c).

Thus, the Court finds it inappropriate to dismiss the Complaint based upon Plaintiffs' technical failure in service of process. "[W]hen a court finds that service is insufficient but curable, it generally should quash the service and give the plaintiff an opportunity to re-serve the defendant." Carthen v. Baptist S. Med. Ctr., No. 2:10-cv-281-WKW, 2011 WL 855279, at *4 (M.D. Ala. Feb. 23, 2011). Furthermore, the Eleventh Circuit has held that "*in forma pauperis* litigants should be entitled to rely on the court officers and United States Marshals to effect proper service, and should not be penalized for failure to effect service where such failure is not due to fault on the litigant's part." Fowler v. Jones, 899 F.2d 1088, 1094 (11th Cir. 1990). The Court will direct service of process by separate order.

## B. Res Judicata

Res judicata is an affirmative defense that typically cannot serve as the basis for a Rule 12(b)(6) motion. Concordia v. Bendekovic, 693 F.2d 1073, 1075 (11th Cir. 1982). Res judicata may be raised on a motion to dismiss when the elements are apparent on the face of the pleadings and public documents of which the court may take judicial notice. Id.; see also Cope v. Bankamerica Hous. Serv., Inc., No. Civ. A. 99-D-653-N, 2000 WL 1639590, at *4 (M.D. Ala. Oct. 10, 2000) (explaining the Concordia decision). Nothing on the face of the Complaint supports res judicata, however, and Defendants fail to explain how res judicata bars Plaintiffs' claims.

"[F]ederal courts must give state court judgments full faith and credit under 28 U.S.C. § 1738 and apply the state's preclusion law" to determine the res judicata effect of the prior state court judgment. Aquatherm Indus., Inc. v. Fla. Power & Light Co., 84 F.3d 1388, 1394 (11th Cir. 1996).

> Under Florida law, res judicata bars a second suit when a court of competent jurisdiction has entered final judgment in an earlier suit and the following four conditions are met: identity of the thing sued for; identity of the cause of action; identity of the parties; [and] identity of the quality in the person for or against whom the claim is made.

Id. (internal quotations and citations omitted). In deciding whether the cause of action is the same, the court must

determine "whether the facts or evidence necessary to maintain the suit are the same in both actions." Id. (internal quotations and citations omitted).

As discussed above, Plaintiffs' claims have little to do with Defendants' eviction action in state court. Although there is some overlap of evidence as to rent payments, there is nothing in the Eviction Judgment (Doc. # 15-2) to suggest that Plaintiffs' claims were squarely addressed in the state proceeding. Defendants state that "Plaintiffs also made a claim for housing discrimination and the denial of adequate housing in the County action. Neither claim was found valid by the Judge in that case." (Doc. # 15 at 5). Their only support for this assertion is a letter Defendants' counsel wrote to the Office of the Equal Housing Administrator for Hillsborough County, stating that there was "no ruling of unlawful discrimination" in the state claim. (Doc. # 15-3). Even if this Court could take judicial notice of this letter, which it cannot, and accept it as proof that res judicata bars Plaintiffs' housing discrimination claim, which it will not, the remainder of Plaintiffs' claims remain at issue.

Based upon the foregoing analysis, the Court finds that the arguments Defendants raise in their Reply do not provide an adequate basis for their Motion to Dismiss.

11

Accordingly, it is

**ORDERED, ADJUDGED** and **DECREED** that**:**

Defendants' Motion to Dismiss (Doc. # 7) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>16th</u> day of February 2012.

*/s/ Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record