UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NOBLE SHAHEED ALLAH EL and
VERNA ALLAH EL,

    Plaintiffs,
v.                           Case No. 8:11-cv-2192-T-33TGW

AVESTA HOMES, ET AL.,

    Defendants.
_____/

**ORDER**

    This matter is before the Court pursuant to Plaintiffs' Response to this Court's Order of July 19, 2012 (Doc. # 46), filed on July 31, 2012. Because the Order did not direct a response, and based upon the language of this document, the Court construes the Response as a Motion for Reconsideration of the Court's Orders of July 19, 2012 (Doc. # 43) and July 20, 2012 (Doc. #45). For the reasons that follow, the Court denies the construed Motion and dismisses this case for lack of federal subject matter jurisdiction.

**I.**    **Background**

    On July 19, 2012, the Court ruled by oral order on Defendants' second motion to dismiss (Doc. # 33). The Court granted the Motion as to Counts II and IV of the Complaint, dismissing those claims without prejudice and giving Plaintiffs until August 2, 2012, to file an amended complaint

if they so chose. (Doc. # 43). Upon further review, the Court determined that Count II, a claim for housing discrimination pursuant to 42 U.S.C. 3601 *et seq.*, provided the sole basis for this Court's subject matter jurisdiction. Without this claim, there is no federal question, and the parties to this matter are not diverse.

The Court directed the pro se Plaintiffs to file an amended complaint pleading a plausible basis for a federal claim by August 2, 2012, else the Court will would dismiss this case for lack of jurisdiction. No amended complaint was filed. Instead, the construed Motion appears to challenge this ruling as well as the dismissal of Counts II and IV.

## II. Legal Standard

As stated in <u>Florida College of Osteopathic Medicine, Inc. v. Dean Witter Reynolds, Inc.</u>, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998), "A motion for reconsideration must demonstrate why the court should reconsider its past decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Further, "in the interests of finality and conservation of scarce judicial resources, reconsideration is an extraordinary remedy to be employed sparingly." <u>Lamar Adver. of Mobile, Inc. v. City of Lakeland</u>, 189 F.R.D. 480, 489 (M.D. Fla. 1999).

2

This Court recognizes three grounds to justify reconsideration of a prior order: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." <u>Fla. College of Osteopathic Med., Inc.</u>, 12 F. Supp. 2d at 1308. Further, as explained in <u>Ludwig v. Liberty Mutual Fire Ins. Co.</u>, Case No. 8:03-cv-2378-T-17-MAP, 2005 U.S. Dist. LEXIS 37718, at *8 (M.D. Fla. Mar. 30, 2005), "This Court will not reconsider its judgment when the motion for reconsideration fails to raise new issues but, instead, relitigates that which the Court previously found lacking." <u>Id.</u> at 9-10. In addition, "a motion for reconsideration is not the proper forum for the party to vent dissatisfaction with the Court's reasoning." <u>Id.</u> at 11. (citation omitted).

**III. <u>Analysis</u>**

The construed Motion first attacks this Court's finding that there is no diversity jurisdiction in this case. The Plaintiffs contend that diversity exists because the parties are racially diverse, averring that this Court is "suffering from the myth of white supremacy." (Doc. # 46 at 2). The Plaintiffs state that they are free sovereign Moorish nationals and citizens of the Washitaw Nation. However, the Plaintiffs offer no evidence suggesting that they are

3

domiciled outside the State of Florida. Given that this matter relates to a local housing dispute, the Court finds no basis for diversity jurisdiction. The Plaintiffs must establish a federal question in order to proceed in this Court.

Next, the construed Motion argues that Count II of the Complaint was improperly dismissed. In the July 19, 2012, hearing on the Defendants' second motion to dismiss, the Court dismissed Count II because it merely recited 42 U.S.C. § 3604 and Fla. Stat. § 760.23 with the legal conclusion that the Defendants had violated fair housing laws. Even construing the pleadings liberally, Count II is deficient.

The Plaintiffs contend that they adequately pled a cause of action for housing discrimination; however, the construed Motion does little to enlighten the matter. The Plaintiffs cite case law defining the elements of a prima facie case for housing discrimination, interspersed with some of the facts that had been alleged in other counts of the Complaint. There is no new evidence here, nor can the Court divine any basis for a housing discrimination claim. The Court determines that it is still appropriate to dismiss Count II.

The construed Motion does not address to any degree the dismissal of Count IV, for denial of adequate housing. The Court dismissed Count IV because it is based on a United

Nations human rights instrument, the Universal Declaration of Human Rights, Article 25(1). The Plaintiffs failed to show that this United Nations instrument has the force of law in the United States and, if so, how it applies to this matter.

In the construed Motion, the Plaintiffs state that "President Obama signed the U.N. Declaration of Rights of Indigenous Peoples on December 16, 2010" (Doc. # 46 at 4) but offer no explanation as to how that instrument relates to the U.N. Declaration or how either applies to this housing dispute. The Court therefore determines that it is still appropriate to dismiss Count IV.

In sum, the Court finds that the construed Motion simply expresses the Plaintiffs' dissatisfaction with the Court's reasoning. The construed Motion is therefore denied, and Counts II and IV of the Complaint remain dismissed.

Furthermore, the Plaintiffs failed to file an amended complaint pleading a plausible basis for a federal claim within the time allotted by this Court. Thus no federal claim exists and the Court declines to exercise its supplemental jurisdiction over the remaining claims. The Court therefore dismisses this case for lack of jurisdiction.

Accordingly, it is

**ORDERED, ADJUDGED** and **DECREED** that:

Plaintiffs' construed Motion for Reconsideration (Doc. # 46) is **DENIED**. This case is **DISMISSED** for lack of federal subject matter jurisdiction. The Clerk is directed to **CLOSE** this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 9th day of August, 2012.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Parties and Counsel of Record